**Ramon MATIAS, Petitioner,**

v.

**Robert HOKE, et al., Respondents.**

**No. 87 Civ. 7071 (JES).**

United States District Court,
S.D. New York.

Feb. 1, 1989.

Ramon Matias, Napanoch, N.Y., petitioner pro se.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, for respondents; (Brian T. McGovern, Asst. Atty. Gen., of counsel).

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

In this action, petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). Petitioner was convicted in New York Supreme Court of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the second degree. This matter was referred to Magistrate James C. Francis IV for Report and Recommendation pursuant to 28 U.S.C. § 636(b) (1982). Magistrate Francis recom-

mended that the petition be dismissed because several of the claims had not been exhausted. *See* Report and Recommendation ("Report") at 4–5. Petitioner has filed objections, which the Court considers *de novo*. *See* 28 U.S.C. § 636(b). For the reasons below, the Court adopts the Magistrate's report and concludes that the petition must be dismissed.

Before a federal court may consider a petition for habeas corpus, petitioner must demonstrate that he has exhausted his state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 515–19, 102 S.Ct. 1198, 1201–04, 71 L.Ed.2d 379 (1982). In this habeas petition, petitioner raises four claims, all of which were raised in his Appellate Division briefs: the failure to have a certain witness at trial; ineffective assistance of counsel; an improper summation by the prosecutor; and the denial of petitioner's right to appear before the grand jury. However, when petitioner sought leave to appeal to the Court of Appeals, by letter dated May 31, 1985, he only raised the first of these claims. *See* Affidavit of Brian T. McGovern ("McGovern Aff."), Ex. A.

The New York Rule of Court governing leave to appeal to the Court of Appeals provides that applications are made to the Chief Judge, who then directs the designations of applications to a judge of the court. *See* McKinney's 1988 New York Rules of Court § 500.10 (22 N.Y.C.C.R. § 500.10). In addition, the rule states that "[c]ounsel should identify the issues on which the application is based." *See id.*

Here, an application for leave to appeal was made to the Chief Judge, *see* [Petitioner's] Response to the Magistrates Recommendation and Report at 3, and counsel subsequently wrote a letter to Judge Meyer, to whom the case was referred, setting forth legal points "for [his] consideration in connection with Mr. Matias's [leave to appeal]," *see* McGovern Aff., Ex. A. This letter did not contain three of the claims raised in this habeas petition. For this reason, the Magistrate concluded that these claims had not been exhausted and

the petition should be dismissed. *See* Report at 4–5.

Petitioner makes two arguments in his objections to the Magistrate's Report. First, he argues that since the letter to Judge Meyer was not an application for leave to appeal because such application may not be made to an individual judge, *see* New York Rule of Court § 500.10, it is not relevant to the exhaustion issue. That argument lacks merit. The letter here was written to Judge Meyer after he had been designated to entertain the application, and was submitted for his consideration in determining whether leave to appeal should be granted. Although the letter was not itself the application for leave to appeal, it was an integral part of the state procedure for processing such applications, was clearly submitted in support of the application, and indeed was sent for the specific purpose of identifying the issues on appeal.

Next, petitioner argues that his Appellate Division briefs, which contained all claims raised here, had been forwarded to the Court of Appeals and therefore those claims must be regarded as having been before the Court on his leave application. However, for a claim to be exhausted it must have been "fairly presented" to the state's highest court. *See Picard v. Conner*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Where court rules provide that "[c]ounsel should identify the issues on which the application [for leave to appeal] is based," and counsel sends a letter to the judge to whom the application has been directed for that purpose, those claims not addressed in the letter have not been "fairly presented" to the state's highest court and are unexhausted. Therefore, the petition must be dismissed because it contains exhausted and unexhausted claims. *See Rose v. Lundy, supra*, 455 U.S. at 522, 102 S.Ct. at 1205.

The petition for a writ of habeas corpus is dismissed without prejudice. Petitioner may file a new petition when all state remedies have been exhausted, or may amend his petition within sixty days of the filing of this Memorandum Opinion and Order to delete the unexhausted claims. However,

if petitioner amends his petition, a subsequent petition raising the presently unexhausted claims may be dismissed as an abuse of the writ. *See id.* at 520–21, 102 S.Ct. at 1204–05.

IT IS SO ORDERED.